This appeal stems from custody proceedings in the Probate and Family Court between never-married parents, B.D. (father) and S.P. (mother). The father challenges the portions of the judgment dated March 22, 2016, granting the mother sole legal and physical custody of the parties' two children, and providing the father with six hours of supervised visitation per week. Because we conclude that the judge did not make findings sufficient to satisfy the requirements of G. L. c. 209C, § 10(e ), we vacate the March 22, 2016, judgment, and remand for further proceedings consistent with this memorandum and order.
Discussion. General Laws c. 209C, § 10(e ), as amended by St. 1998, c. 179, § 6, requires the judge to "consider evidence of past or present abuse toward a parent or child as a factor contrary to the best interest of the child" when issuing a custody order. If the judge finds, "by a preponderance of the evidence, that a pattern or serious incident of abuse has occurred,"[2] she must then employ "a rebuttable presumption that it is not in the best interests of the child to be placed in sole custody, shared legal custody, or shared physical custody with the abusive parent." Ibid. Moreover, if the judge issues a custody order after finding a pattern or serious incident of abuse, she must "within 90 days enter written findings of fact as to the effects of the abuse on the child, which findings demonstrate that such order is in the furtherance of the child's best interests and provides for the safety and well-being of the child." Ibid. "The requirements of the statute apply even in cases where the judge does not award custody to the abusive partner." Maalouf v. Saliba, 54 Mass. App. Ct. 547, 550 (2002).[3]
Here, the judge credited the mother's testimony regarding an incident in which the father "pinned" one of the children on the floor (making it difficult for the child to breathe), smacked the child under the chin causing her head to snap backward, and threw the child on the bed. The judge also credited the mother's testimony that the child was crying throughout the interaction. The judge noted that the father, despite later pleading guilty to assault and battery, did "not believe that his behavior was abusive" and "has not acknowledged the effect of domestic violence on [the] children."[4]
While it is apparent that the judge considered evidence of "past abuse," it is unclear whether she found the father's conduct to constitute a "serious incident of abuse" within the meaning of G. L. c. 209C, § 10(e ). See Maalouf v. Saliba, supra at 551. Moreover, "[e]ven were we to assume that the incident[ ] of abuse found by the judge constituted a [serious incident] of abuse, and we do not, there is no finding regarding the effect of the abuse ... on the children." Ibid. "[T]his is not a case in which we may conclude that the judge made implicit findings sufficient to satisfy the statute," because "domestic violence is an issue too fundamental and frequently recurring to be dealt with only by implication." Id. at 550, quoting from Custody of Vaughn, 422 Mass. 590, 599 (1996).
"[O]ur duty as a reviewing court is to ensure that the record reflects that all relevant factors have been considered by the judge, and that the decision is based on a fair weighing of the factors." Schechter v. Schechter, 88 Mass. App. Ct. 239, 248 (2015). We are unable to determine whether the judge in this case considered "all relevant factors" because she did not make the explicit findings required by G. L. c. 209C, § 10(e ).[5]
Conclusion. We therefore vacate the March 22, 2016, judgment, and remand the case to the Probate and Family Court for the entry of findings and a new judgment consistent with this memorandum and order. The decision whether to take additional evidence is within the judge's discretion. The judgment dated May 5, 2014, granting the mother sole legal and physical custody of the children is to remain in effect. The parties may seek a temporary order of visitation, and the judge is authorized to enter such an order, also to remain in effect during the pendency of the remand.
So ordered.

"For the purposes of this section, 'abuse' shall mean the occurrence of one or more of the following acts between a parent and the other parent or between a parent and child: (a) attempting to cause or causing bodily injury; or (b) placing another in reasonable fear of imminent bodily injury. 'Serious incident of abuse' shall mean the occurrence of one or more of the following acts between a parent and the other parent or between a parent and child: (a) attempting to cause or causing serious bodily injury; (b) placing another in reasonable fear of imminent serious bodily injury; or (c) causing another to engage involuntarily in sexual relations by force, threat or duress." G. L. c. 209C, § 10(e ).

In Maalouf v. Saliba, 54 Mass. App. Ct. at 549-551, this court addressed the requirements of G. L. c. 208, § 31A (applicable to custody determinations in divorce cases), which, for the purpose of this discussion, are identical to those of G. L. c. 209C, § 10(e ).

We note that the March 22, 2016, judgment was accompanied by a "rationale" rather than by "findings of fact." While the "rationale" includes some findings made by the judge, the better practice is for judges to clearly label "findings" as such, especially where findings are expressly required by statute.

We do not imply that the judge's comprehensive "rationale" contained factual errors. Rather, we only hold that the judge must make specific findings as to (1) whether the father's conduct constitutes a "serious incident of abuse" within the meaning of G. L. c. 209C, § 10(e ), and (2)"the effect of the abuse on the child[ren]" within the meaning of G. L. c. 209C, § 10(e ).